## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DURWIN L. ABBOTT (#316843)** | **CIVIL ACTION** |
| **VERSUS** | |
| **HERMAN C. SOONG, ET AL.** | **NO. 13-0584-SDD-EWD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 2, 2016.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DURWIN L. ABBOTT (#316843)**  CIVIL ACTION

**VERSUS**

**HERMAN C. SOONG, ET AL.**  NO. 13-0584-SDD-EWD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Motion for Summary Judgment of defendant Dr. Herman Soong (R. Doc. 34). This Motion is opposed.

The *pro se* plaintiff, an inmate previously confined at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against DCI Warden Steve Rader, Dr. Herman C. Soong and Social Worker James Devall, alleging that while he was confined at DCI, the defendants violated his constitutional rights by requiring that he be administered antipsychotic medication without his consent in retaliation for the filing of administrative grievances and lawsuits. Pursuant to a prior Magistrate Judge's Report in this case (R. Doc. 25), approved by the District Judge on June 27, 2014 (R. Doc. 26), the plaintiff's claims asserted against defendants Steve Rader and James Devall have been dismissed.

The remaining defendant, Dr. Herman Soong. now moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's pertinent administrative remedy proceedings, certified copies of the plaintiff's Master Prison Record and medical and mental health records, and the affidavits of Warden James Devall, DCI Social Worker Curtis Thurman and defendant Dr. Herman Soong.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his verified Complaint, the plaintiff alleges the following. He suffers with anxiety and takes Paxil for this condition. On December 3, 2012, he had a medical call-out at the prison to see Dr. Soong, his treating psychiatrist, and social worker James Devall. During the appointment, the plaintiff complained to Dr. Soong about "constant and continuous retaliation from correctional officials" at the prison and requested a transfer to the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. *See* R. Doc. 1 at pp. 5-6. According to the plaintiff, Dr. Soong's attitude then changed, and Dr. Soong informed the plaintiff that the defendant was modifying the plaintiff's medication. Dr. Soong then prescribed Benadryl and Risperdal. Whereas the plaintiff allegedly told Dr. Soong that the plaintiff did not need any medication, Dr. Soong insisted that he take the medication. The plaintiff asserts that he did not say anything further because he feared being placed on suicide watch or under mental health observation if he refused to take the medication. The plaintiff asserts that Dr. Soong prescribed the antipsychotic medication in retaliation for the plaintiff having filed administrative grievances and lawsuits against prison officials at DCI.

After submitting a written complaint to prison officials and to the Louisiana Board of Medical Examiners about "this force[d] treatment of antipsychotic medication," the plaintiff attended another medical call-out with Dr. Soong on January 15, 2013, at which time Dr. Soong explained to the plaintiff that the defendant could not force the plaintiff to take the prescribed medication, but that Dr. Soong could transfer the plaintiff to a facility where forced treatment could be undertaken if warranted. *Id*. at p. 7. The plaintiff alleges that he continued to take the prescribed medication, again out of fear that he would be placed on suicide watch or under mental health observation.

Finally, on or about February 18, 2013, the plaintiff requested a "hearing" and was seen by Dr. Soong approximately a week later. According to the plaintiff, Dr. Soong again advised the

plaintiff that whereas the prescription for Risperdal would not be discontinued, the plaintiff "don't have to take it." *Id*. The plaintiff alleges that he then stopped taking the prescribed Risperdal.

In response to the plaintiff's allegations, the defendant asserts that he is entitled to qualified immunity in connection with the plaintiff's claim. Specifically, the defendant contends that the plaintiff has failed to make a showing that the defendant has engaged in any conduct that may be interpreted as a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). Taking the facts as alleged in the light most favorable to the plaintiff, the Court considers whether the defendants' conduct violated the plaintiff's constitutional rights and whether the rights allegedly violated were clearly established at the time that the violation occurred. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-pronged analysis in a particular order – should not be "regarded as an inflexible requirement"). Under *Pearson*, courts now have discretion to decide which of the two prongs of the analysis to address first. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Saucier v. Katz, supra*, 194 U.S. at 201. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation that he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and

that genuine issues of material fact exist regarding the reasonableness of the official's conduct. *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.

Undertaking the qualified immunity analysis with respect to the plaintiff's claim asserted herein, the Court finds that the defendant's motion for summary judgment should be granted. Specifically, the Court finds that the plaintiff has failed to present evidence sufficient to support a conclusion that the defendant has undertaken action in violation of the plaintiff's constitutional rights.

Interpreting the plaintiff's allegations liberally, the Court first finds that the plaintiff has invoked his constitutional right under the Fourteenth Amendment to be free from the forced administration of psychotropic medication without appropriate procedural safeguards. In this regard, courts have recognized that there is a "significant liberty interest" in avoiding the unwanted administration of psychotropic medication, and although an inmate may be treated against his will if it is in the prisoner's best medical interests and if he is dangerous to himself or others, procedural safeguards must be employed to ensure that the prisoner's constitutional rights are respected. *See Cowan v. Scott*, 31 Fed. Appx. 832, *4 (5th Cir. 2002), *citing Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (upholding a prison policy that allowed the forced administration of medication when such medication was first prescribed by a physician and was thereafter approved by a reviewing physician). *See also Cruzan v. Director, Missouri Department of Health*, 497 U.S. 261, 278 (1990) (acknowledging the general principle "that a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment").

Notwithstanding the foregoing, it does not appear from the plaintiff's allegations that he was in fact subjected to the forced administration of medication against his will. To the contrary,

the plaintiff merely alleges that on December 3, 2012, he expressed a personal opinion to Dr. Soong that he did not need additional medication, to which the defendant physician nonetheless stated that "I'm the doctor and you are taking this medication." *See* R. Doc. 1 at p. 6.[1] The plaintiff then asked what the medication was and, when the defendant responded "Risperdal and Benidryl," the plaintiff concedes that he then "didn't say another word" and acquiesced in taking the prescribed medication. *Id*. The plaintiff alleges that this acquiescence was because he feared being placed "on suicide or mental health observation" if he refused. *Id*. Approximately a month later, on January 15, 2013, the plaintiff again saw Dr. Soong, at which time, in response to the plaintiff's complaints, the defendant explained to the plaintiff that the defendant could not force the plaintiff to take the medication. *Id*. at p. 7. Again, however, the plaintiff admittedly voluntarily "continued to take [the] medications," and this was again allegedly because he feared "being placed on suicide watch or mental health observation." *Id*. Finally, the plaintiff saw Dr. Soong in late February, 2013, and the defendant again explicitly advised the plaintiff that the plaintiff was not required to take the prescribed medication, whereupon the plaintiff finally decided to stop taking same. *Id*.

Based on the foregoing, the Court finds that the plaintiff has failed to allege a violation of his constitutional rights. Although Dr. Soong prescribed medication to the plaintiff that the plaintiff apparently believed to be unnecessary, there is nothing in the record to indicate that the plaintiff was involuntarily *administered* the referenced medication. In fact, after the defendant informed the plaintiff of the identity of the proposed medication on December 3, 2012, the plaintiff admittedly "didn't say another word" and thereafter apparently ingested the medication when it was dispensed to him at pill call. In addition, the plaintiff admittedly "continued to take" the prescribed medications even after being explicitly informed by the defendant in January 2013, that

---

[1] Defendant Soong has denied that he made any such statement to the plaintiff. *See* R. Doc. 34-6 at p. 4.

the defendant could *not* force the plaintiff to take the medication. Although the plaintiff alleges that he believed he would be placed on mental health observation or suicide watch if he refused, the plaintiff does not allege that the defendant threatened him with this eventuality and, in fact, the defendant attests that the plaintiff has refused medication in the past and has not faced such repercussions. *See* R. Doc. 34-6 at p. 5. The defendant further attests that the forced administration of psychotropic medication in non-emergency situations is only undertaken at Elayn Hunt Correctional Center, not at DCI, and then only after two independent psychiatric evaluations have been undertaken to evaluate the need for forced medication. *Id.* Accordingly, there is nothing in the record to suggest that the plaintiff was "forced" to take the offending medications as the result of Dr. Soong merely prescribing same or encouraging the plaintiff to be compliant. *See Rodriguez v. Bexar County Hospital District,* 2015 WL 7760209, *30 (W.D. Tex. Nov. 30, 2015) (granting summary judgment in favor of a defendant physician in response to an inmate's complaint that he ingested Risperdal only after the physician proffered the medication after the prisoner refused it, noting that physician had a duty to encourage patients to take their prescribed medication, and the plaintiff provided no facts "showing precisely how [the defendant] 'forced' plaintiff to take that medication against his will"); *Johnson v. Tinwalla*, 2015 WL 5734913 (C.D. Ill. Sept. 28, 2015) (granting summary judgment in favor of a defendant physician who prescribed Risperdal to an inmate notwithstanding the inmate's refusal; accepting the defendant's argument that "because Plaintiff retained the ability to refuse the Risperdal … the administration of the medication was not 'forced' within the purview of … the Fourteenth Amendment;" drawing a "distinction between authorizing Plaintiff's access to the medication (prescription) and its actual ingestion (administration)"); *Tivis v. Stock*, 2012 WL 3609778 (D. Colo. Aug. 22, 2012) (granting summary judgment in favor of a defendant physician who allegedly prescribed a psychotropic medication to

an inmate to manage the inmate's pain; finding that the defendant was entitled to qualified immunity notwithstanding the inmate's contention that he was "forced" to take the medication because no other pain medication was offered). *Cf., Bundy v. Stommel*, 168 Fed. Appx. 870 (10th Cir. 2006) (suggesting that an inmate may theoretically be "forced" to take psychotropic medication against his will when he is offered a choice between taking the medication and losing eligibility for parole release); *Felce v. Fiedler*, 974 F.2d 1484 (7th Cir. 1992) (same); *United States v. Williams*, 356 F.3d 1045 (9th Cir. 2004) (same). Although the plaintiff in this case may have believed that he potentially faced being placed on suicide watch or mental health observation if he refused to take the prescribed medication, he does not allege that he voiced this concern or that such a threat was made to him or has ever been implemented, and the Court does not find that the plaintiff's generalized fear in this regard, even if warranted in fact, amounted to coercion within the meaning of the Fourteenth Amendment.

In addition to the foregoing, undertaking the qualified immunity analysis, the Court concludes that it would not have been clear to the defendant that he was violating the plaintiff's constitutional rights by merely prescribing the referenced medications to the plaintiff in 2012 and 2013 and encouraging the plaintiff to be compliant. Dr. Soong's actions amounted to little more than the issuance of prescriptions for medications that the defendant believed to be in the plaintiff's best interest and that the plaintiff had the right to refuse to take. It further appears from the plaintiff's allegations that he was not "forced" to take the referenced medications but instead acquiesced in taking the medications when they were dispensed to him at his daily pill call. Accordingly, the Court concludes that the defendant is entitled to summary judgment in connection with this claim.

Turning to a consideration of the plaintiff's contention that the defendant's actions were undertaken in retaliation for grievances and lawsuits that the plaintiff had filed against unnamed prison officials at DCI, the Court concludes that this claim fares no better. In this regard, the law is clear that the taking of action against an inmate in retaliation for the inmate's exercise of his First Amendment constitutional right to seek redress of grievances may amount to a violation of the inmate's constitutional rights. *Leggett v. Comer*, 280 Fed. Appx. 333, 337 (5th Cir. 2008), *citing Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). Claims of retaliation by prison inmates, however, are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse act that occurs within a penal institution. *Hale v. Williams*, 390 Fed. Appx. 351, 352 (5th Cir. 2010). Accordingly, to prevail on a claim of retaliation, a prisoner must be able to establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis*, was undertaken against the prisoner by the defendant, and (4) that there is causation, *i.e.*, that "but for" the retaliatory motive, the adverse action would not have occurred. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). *See also Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). Further, to demonstrate the requisite retaliatory intent on the part of a defendant, the inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly by inferred. *Woods v. Smith, supra,* 60 F.3d at 1166. Further, the inmate must allege more than a mere personal belief that he is the victim of retaliation. *Jones v. Greninger, supra,* 188 F.3d at 325; *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

Applying the foregoing standard, the Court finds that the plaintiff's claim of retaliation is deficient as a matter of law. Specifically, the plaintiff's allegations are entirely conclusory, and

he provides nothing more than his mere personal belief that the conduct of defendant Soong was undertaken in response to the plaintiff's prior grievances or lawsuits or that the defendant was instructed by the DCI warden to take such action. The plaintiff has not produced any direct evidence of retaliation and has not alleged a chronology of events from which retaliation may plausibly be inferred. Whereas the plaintiff attached, as exhibits to his Complaint, miscellaneous pleadings from state and federal lawsuits filed by him, the plaintiff has failed to identify with any degree of specificity the grievances or lawsuits for which Dr. Soong allegedly retaliated against him. Nor does the plaintiff allege that defendant Soong was or is a party to any of the plaintiff's prior litigation activity or otherwise had any reason to retaliate because of it. Finally, the plaintiff does not allege that defendant Soong said or did anything prior to, during, or after the events commencing in December 2012, to suggest a retaliatory motive or a connection between the defendant's actions and the prior lawsuits or grievances. Thus, other than a conclusory assertion that the defendant prescribed medication to the plaintiff because of grievances and lawsuits that the plaintiff had filed against unnamed prison personnel at DCI, there are no factual allegations that support the plaintiff's assertions. To the contrary, the plaintiff has provided only his personal belief that the defendant's conduct was motivated by retaliatory animus, and his mere personal belief is not sufficient to support a claim for retaliation. Accordingly, the defendant is entitled to summary judgment in connection with this claim.

Finally, the plaintiff's Complaint also seeks to invoke the supplemental jurisdiction of this Court over potential state law claims. *See* R. Doc. 1-1 at p. 1. A district court, however, is authorized to decline the exercise of supplemental jurisdiction if the plaintiff's potential state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the district court has original jurisdiction, if the district court has

dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, inasmuch as the Court recommends that all of the plaintiff's federal claims be dismissed, it is appropriate that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over the plaintiff's state law claims. It is further recommended that the Motion for Summary Judgment of defendant Dr. Herman Soong (R. Doc. 34) be granted, dismissing the plaintiff's claims asserted against this defendant, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on March 2, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**